IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

SAIM SARWAR,

      Plaintiff,

v.                                              Civil Case No.: 1:20-cv-2829

HOTEL GUNTER 2018 LLC,

      Defendant.

---

## MOTION TO VACATE ORDER OF DEFAULT

Defendant Hotel Gunter 2018 LLC ("Hotel Gunter"), by and through its counsel, T. Lee Beeman, Jr., Jason C. Buckel, and Buckel, Levasseur, Pillai & Beeman, LLC, pursuant to Rule 55(c) of the Federal Rules of Civil Procedure, hereby moves this Court to vacate the Order of Default entered against Defendant on November 16, 2020, and in support thereof, states the following:

### Introduction

On September 30, 2020, Plaintiff Saim Sarwar ("Sarwar"), filed a Complaint for injunctive relief in this Court alleging violations of the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq*. ("ADA"). Sarwar's Complaint alleges that Hotel Gunter, individually or through booking agency websites failed to "identify or allow for reservation of accessible guest rooms" and failed to "provide sufficient information regarding accessibility [sic] at the hotel." [ECF 1 at 5-6] Sarwar further alleged that Hotel Gunter's violations infringe on Sarwar's "right to travel free of discrimination and deprive him of the information required to make meaningful choices for travel." [ECF 1 at 7].

On October 11, 2020, Sarwar caused Donald Carter, Jr. ("Carter") to be personally served with the Complaint [ECF 1 – 1-2] and Summons [ECF 2] in this matter. [ECF 3]. Following

receipt of the Complaint and Summons, Carter contacted Sarwar's counsel, inquiring about the lawsuit.  Prior to and subsequent to requesting an entry of default, Carter and Sarwar's counsel engaged in settlement negotiations to resolve the underlying lawsuit.

## Legal Standard

The court may set aside an entry of default for good cause, and it may set aside a final default judgment under Rule 60(b). Fed. R. Civ. P. 55(c).  When deciding whether to set aside an entry of default, a district court should consider whether the moving party has a meritorious defense, whether it acts with reasonable promptness, the personal responsibility of the defaulting party, the prejudice to the [non-moving] party, whether there is a history of dilatory action, and the availability of sanctions less drastic. *Consol. Masonry & Fireproofing, Inc. v. Wagman Const. Corp.*, 383 F.2d 249, 251 (4th Cir. 1967); *see also Lolatchy v. Arthur Murray, Inc.,* 816 F.2d 951, 953 (4th Cir.1987).  Default judgments are generally disfavored. *United States v. Shaffer Equip. Co.,* 11 F.3d 450, 462 (4th Cir.1993).

## Argument

**I.    *The Court should vacate the Order of Default entered against Hotel Gunter for good cause shown because of Hotel Gunter's efforts to resolve this matter pre-litigation and because of the restrictions caused by the COVID19 pandemic.***

When Carter received the Complaint and Summons filed on behalf of Sarwar against Hotel Gunter, he contacted Sarwar's counsel to determine the nature of the suit.  He further engaged in negotiated in good faith with Sarwar's counsel, attempting to resolve this matter.  When the parties were unable to reach a resolution, Sarwar moved the Court for entry of an Order of Default.  Even following requesting the entry of default, Sarwar's counsel indicated to Carter that they were willing to lift the default for the purposes of negotiation of settlement. *See*, Correspondence

attached hereto as Exhibit 1. While the Fourth Circuit has not directly addressed this issue, the D.C. Circuit found that, "Defendant "appeared" in the action and was entitled to notice of application for default judgment, where exchanges between parties were normal effort to see if dispute could be adjusted by agreement, but neither party was in any doubt that suit would be contested if efforts to agree were unavailing." *H. F. Livermore Corp. v. Aktiengesellschaft Gebruder Loepfe*, C.A.D.C.1970, 432 F.2d 689, 139 U.S.App.D.C. 256. Here, the Court should understand that Carter was not merely being dilatory and ignoring this matter, but actively attempting to resolve the matter in the most economical manner reasonable.

Good cause should further be found based upon the impact of the COVID19 pandemic on the State of Maryland. Sarwar served his Complaint and Summons on Hotel Gunter through Carter on October 11, 2020. It is significantly noteworthy that on October 11, 2020, the State of Maryland had experienced 131,357 total cases of COVID19 with 562 new cases per day.[1] Between October 11, 2020 and November 6, 2020 (the date Defendant filed its Motion for Default), the number of total cases for Maryland had risen by over 20,000 to 151,505, with 1,541 new cases daily.[2] Given that during the time frame Hotel Gunter was to answer the Complaint, a significant number of businesses were shutting down once again and Governor Lawrence Hogan was holding repeated press conferences urging Marylanders to stay inside, wear masks, and do everything possible to prevent the spread of COVID19, Carter experienced hardship in attempting to locate counsel admitted before the United States District Court for the District of Maryland to provide representation in this matter.

---

[1] *Maryland COVID-19 Data Dashboard*, Confirmed Cases (Total Over Time) Table, https://coronavirus.maryland.gov/, Accessed, December 1, 2020 at 4:00 p.m.
[2] *Id*.

Hotel Gunter believes for the foregoing reasons, namely Carter's good-faith efforts to resolve this matter in an economically reasonable manner and the difficulties in locating Federal Bar counsel caused by the COVID19 pandemic, that good cause has been shown to vacate the Order of Default.

**II.** *The Court should vacate the Order of Default entered against Hotel Gunter because there is no prejudice to Sarwar.*

Between September 01, 2020 and this filing, Sarwar has filed more than one hundred separate actions in various United States District Courts across the country and appears to be adding more and more with each passing week. Hotel Gunter, with this filing, timely moves this Court to vacate the Order of default. Sarwar faces no prejudice from this brief delay. In fact, in his *Motion for Default*, Sarwar makes no allegation of prejudice based upon Hotel Gunter's failure to timely respond.

## Conclusion

WHEREFORE, Hotel Gunter, for the foregoing reasons, moves this Court to:

1. Vacate the Order of Default entered on November 16, 2020;

2. Grant the Defendant leave to file a responsive pleading to Plaintiff's Complaint in accordance with the Federal Rules of Civil Procedure; and

3. Grant such further and equitable relief as this Court deems necessary and just.

Dated: December 16, 2020 Respectfully submitted,

_____/s/_____
T. Lee Beeman, Jr., Federal Bar Number: 19613
Jason C. Buckel, Federal Bar No: 24766
Buckel, Levasseur, Pillai & Beeman, LLC
206 Washington Street
Cumberland, MD 21502
Lbeeman@blpblaw.com
blpassistant@atlanticbbn.net
Phone: (301) 759-3700    Fax: (301) 722-0334
*Attorneys for Defendant*

[5]