UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| SAIM SARWAR, Individually, | : |
| Plaintiff, | : |
| v. | : Case No. 1:20-cv-2829 |
| HOTEL GUNTER 2018 LLC, A Maryland Corporation, | : |
| Defendant. | : |

**OPPOSED MOTION FOR STAY OF PROCEEDINGS PENDING APPEAL**

Plaintiff, by and through undersigned counsel, hereby respectfully moves this Court for an Order staying the instant proceedings pending disposition by the Fourth Circuit Court in the appeal regarding *Laufer v. Naranda Hotels, LLC*, 20-2348, and *Laufer v. Ft. Meade Hospitality, LLC*, 20-2347.

1. Defendant filed a motion to dismiss in the instant action, arguing that Plaintiff lacks standing to sue. The issue is whether a court may impose a requirement of physical nexus or intent to book for a disabled plaintiff to have suffered injury when they review a hotel's discriminatory online reservations system, or whether the deprivation of information mandated by statute constitutes a full injury in fact - with nothing additional required.
2. This precise issue is on appeal to the Circuit Court in the above referenced appellate actions.
3. As set forth below, district courts around the country are divided on the issue.
4. Resolution of this issue by the Circuit Court is necessary before this Court can rule on Defendant's motion.
5. Plaintiff submits that Defendant will not be prejudiced by the granting of this motion.

**MEMORANDUM**

In *Laufer v. Lily Pond*, 2020 U.S. Dist. Lexis 244506 (W.D. Wis. 12/30/2020), one court in the Western District of Wisconsin first issued an order to show cause, requiring the plaintiff to file a memorandum to explain her standing to sue on precisely the same issue before this Court. After briefing on the subject, the court ruled that plaintiff has standing to sue because she suffered the complete harm of informational injury when she reviewed the defendant's discriminatory online reservations system and no intent to book a room is required.

Critically, the court noted that because there was conflict of decisions among various district courts around the country, that "this is one of the rare cases that warrants immediate

review by the Seventh Circuit....[and] the failure to address the issue definitively upfront has real world consequences." Id. at *13.

Indeed, a minority of courts have ruled that a disabled plaintiff does not suffer injury by reviewing a hotel's discriminatory online reservations system unless they intend to book a room at the hotel or otherwise have some physical nexus. See, e.g. *Laufer v. Naranda Hotels, LLC*, 2020 U.S. Dist. LEXIS 235894, 2020 WL 7384726 (D. Md. Dec. 16, 2020); *Laufer v. Galtesvar OM, LLC*, 2020 U.S. Dist. LEXIS 240714, 2020 WL 7416940 (W.D. Tex. Nov. 23, 2020), *report and recommendation adopted sub nom*. *Laufer v. Galtesvar OM, LLC*., 2020 U.S. Dist. LEXIS 239829, 2020 WL 7416195 (W.D. Tex. Dec. 15, 2020); Laufer v. Laxmi & Sons, LLC, No. 119CV01501BKSML, 2020 U.S. Dist. LEXIS 79545, 2020 WL 2200207 (N.D.N.Y. May 6, 2020);  *Laufer v. Laxmi & Sons, LLC*, No. 1:19-CV-1501, 2020 WL 6940734, at *1 (N.D.N.Y. Nov. 19, 2020).

On the other hand, a majority of courts considering the same issue have reached the opposite conclusion. See *Lily Pond*, supra, *Laufer v. U.L.S.T., LLC dba Waterfront Hotel & Marina*,  2020 U.S. Dist. LEXIS 206417 (N.D.Ill. 11/4/20); *Parks v. Richard*, 2020 U.S. Dist. Lexis 86790 (M.D. Fla. 2020); *Kennedy v. Gold Sun Hospitality, LLC*, 8:18-cv-842-T-33CPT, DE 23, at pp.  30-31, (M.D. Fla. June 18, 2018); *Kennedy v. Swagath Hospitality, LLC*, 0:19-cv-60583-DPG, DE 27 (S.D. Fla. 1/2/2020);*Kennedy v. Galleon Resort Condominium Assn, Inc., et al.*, 19-cv-62421-CMA, DE 52 (S.D. Fla. 1/28/20);*Kennedy v. WGA*, 2:19-cv-0095-RWS, DE 16, p. 9 (N.D. Ga. 11/5/2019); *Poschmann v. Fountain TN, LLC*, 2019 U.S. Dist. Lexis 159417, **4-6 (M.D. Fla. 2019);*Poschmann v. Coral Reef of Key Biscayne Developers, Inc.*, 2018 U.S. Dist. Lexis 87457. *8 (S.D. Fla. 2018);*Kennedy v. New Yorker Hotel, Miami, LLC*, 0:18-cv-62897-WPD, DE 34 (6/6/19);  *Kennedy v. Murnane, et al.*, 0:18-cv-63086-WPD, DE 10 (S.D. Fla. 3/5/19); *Kennedy v. Italia, LLC*, 0:19-cv-61938-MGC, DE 35 (S.D. Fla. 8/10/20); *Kennedy v. Nisha Inc.*, 2020 U.S. Dist. LEXIS 170829, *9 (M.D. Fla. 9/17/20;  *Kennedy v. Nila Investments, LLC*, 2:19-cv-90-LGW-BWC, DE 34 (S.D. Ga. 7/1/20).

As a result of the above, the *Lily Pond* court certified the defendant's motion for interlocutory appeal and stayed further disposition of its proceedings pending resolution of the issue on appeal by that Circuit Court. 2020 U.S. Dist. Lexis 244506, ** 13-14.

Plaintiff submits that for the same reasons set forth in the *Lily Pond* decision, it is appropriate to stay the instant proceedings until the Appellate Court of this Circuit rules on the issue.

WHEREFORE, Plaintiff respectfully requests that this Court stay all proceedings herein until the Circuit Court has ruled on the issue.

        Respectfully submitted,
        */s/ Tristan W. Gillespie*
        Tristan W. Gillespie, Esq.

        THOMAS B. BACON, P.A.
        600 Blakenham Court
        Johns Creek, GA 30022
        Tel:  404.276.7277
        gillespie.tristan@gmail.com

**Certificate of Conference**

I hereby certify that I conferred with counsel for Defendant and they did not consent to the instant motion.

*/s/ Tristan W. Gillespie*
Tristan W. Gillespie, Esq.